*149 Opinión disidente emitida por la
Jueza Asociada Señora Fiol Matta,
a la cual se unen el Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez.
La Opinión que suscribe la mayoría del Tribunal cierra aún más las puertas de este Foro a la litigación de casos ambientales. Recurriendo a una supuesta ausencia de le-gitimación activa cuando, aun bajo los criterios adoptados en Fund. Surfrider y otros v. A.R.Pe., 178 DPR 563 (2010), y Lozada Sánchez et al. v. JCA, 184 DPR 898 (2012), las alegaciones de los recurridos son claramente suficientes.
Por estimar que la mayoría sigue en la trayectoria equi-vocada que trazó en los casos mencionados, reiteramos nuestras expresiones disidentes emitidas entonces.(1) En estas expusimos que el grado de especificidad exigido para alegar los daños en casos ambientales era excesivo y daba al traste con nuestro desarrollo jurisprudencial sobre la doctrina de legitimación para acciones públicas a nombre propio y por terceros.(2) También advertimos que en Puerto Rico los requisitos de legitimación en estos casos deben ser más flexibles que los de la jurisdicción federal. Además, llamamos la atención del Tribunal porque, aun dándolos por buenos, los criterios adoptados en ambos casos fueron aplicados erróneamente, negándosele acceso a los tribunales a personas que sustentaron sus alegaciones de daños particulares y ambientales en prueba que constaba en el expediente.(3)
Lo mismo sucede en el presente caso. La mayoría de *150 este Tribunal considera que los recurridos no alegaron con suficiencia los daños para acreditar la legitimación activa necesaria para impugnar los documentos de impacto am-biental (DIA-F) del proyecto. Llega a esta conclusión aun-que se alegan clara y específicamente los daños que este causaría a la comunidad y al medio ambiente, así como el carácter inminente de esos daños. Los recurridos exponen que su comunidad sufre de problemas de inundaciones y que está próxima al desarrollo evaluado en la DIA-F. Adu-cen que se verán afectados por la construcción del proyecto que podría alterar los niveles de agua en casos de inundaciones.(4) Respecto a los daños que podría sufrir la comunidad de los recurridos, el Tribunal de Apelaciones determinó que “la DIA-F no examinó ni discutió razonable-mente el asunto relativo a los riesgos de inundabilidad en la zona”.(5)
A pesar de ello, utilizando los casos de Surfrider y Lozada, la Opinión mayoritaria le niega a los recurridos el acceso a los tribunales en espera de que sufran las conse-cuencias de los daños ambientales que se intentan impedir. De esta manera se revalida un análisis formalista del derecho que resulta en un endurecimiento selectivo de los requisitos de legitimación activa cuando se trata de la revisión judicial de determinaciones administrativas en casos ambientales.
Considero que el expediente de este caso demuestra un grado suficiente de especificidad en cuanto a la alegación de los daños aun bajo los criterios adoptados en Surfrider y Lozada. Conforme a ello y a la doctrina de legitimación *151 activa que entiendo correcta, y que expuse en mis disensos en los casos arriba citados, afirmo que los recurridos tienen legitimación activa suficiente para presentar su causa de acción en los tribunales de Puerto Rico. Por no ser esta la decisión mayoritaria, disiento.

 Fund. Surfrider y otros v. A.R.Pe., 178 DPR 563, 592 (2010), opinión disidente de la Jueza Asociada Señora Fiol Matta; Lozada Sánchez et al. v. JCA, 184 DPR 898, 927 (2012), opinión disidente de la Jueza Asociada Señora Fiol Matta.

 Surfrider, supra, pág. 612.

 Lozada, supra, pág. 972.

 La Opinión mayoritaria reconoce que el "proyecto tiene el propósito de proteger de las inundaciones a más de tres mil doscientas personas y desarrollar el área como un destino turístico Opinión mayoritaria, págs. 126-127. Sin embargo, omite mencionar que de la DIA-F surge que los diques propuestos para el proyecto están diseñados para proteger de inundaciones a las familias de la Comunidad Espinar de Aguada, Barrio Victoria y parte del casco urbano en el municipio de Agua-dilla, pero no protegen a la Comunidad Tablonal de Aguada, donde residen los recurridos. Apéndice de la Petición de certiorari, pág. 297.

 (Énfasis suprimido). Apéndice de la Petición de certiorari, pág. 60.